THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZANE MURDOCK,<br><br>Plaintiff,<br><br>v.<br><br>MICROSOFT CORPORATION,<br><br>Defendant. | CASE NO. C26-1687-JCC<br><br>ORDER |

This matter comes before the Court on Defendant's motion to dismiss (Dkt. No. 10). Having thoroughly considered the briefing and record, the Court GRANTS the motion *in part* as explained herein and DISMISSES the complaint pursuant to Rule 12(b)(1) with leave to amend, given a lack of pleaded subject matter jurisdiction.

According to Plaintiff's complaint, Defendant made a series of unauthorized charges to Plaintiff's credit card and electronically surveiled Plaintiff. (S*ee* Dkt. Nos. 1 at 5, 7 at 1–2.) Based on this, Plaintiff asserts causes of action for identity theft, invasion of privacy, nuisance, and intentional infliction of emotional distress, along with the federal crime of bank fraud. (*Id.*) In moving to dismiss, Defendant points out that the only federal law referenced in Plaintiff's complaint is a criminal statute with no private right of action. (*See id.* at 7–8) (citing, *e.g.*, *Banister v. U.S. Bank Natl. Assn. as Tr. for J.P. Morgan Mortg. Acq. Corp. 2006-RM1 Asset-Backed Pass-Through Certificates, Series 2006-RM1*, 859 F. App'x 742, 744 (7th Cir. 2021)).

Defendant further notes that Plaintiff's pleading falls well short of that required by Federal Rules of Civil Procedure 8 and 9.[1] (*Id.* at 8–9.) Finally, Defendant argues that Plaintiff's complaint does not plausibly assert any of its causes of action. (*Id.* at 9–10.) For all these reasons, Defendant seeks dismissal pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

According to his complaint, Plaintiff's asserted jurisdictional basis is 18 U.S.C. § 1331. (*See* Dkt. No. 1 at 3.) But, as noted above, there is no actionable federal question apparent from the complaint. And while 18 U.S.C. § 1332 jurisdiction *may* apply, Plaintiff has not pleaded[2] each of its components. (*See* generally Dkt. Nos. 1, 7.) At bottom, the Court must[3] dismiss a complaint if it finds that it lacks subject matter jurisdiction[4] over the case or controversy. *See* Fed. R. Civ. P. 12(h)(3). Here, the Court must make that finding.

However, the Court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). Perhaps it is conceivable that Plaintiff could adequately plead a federal question or diversity jurisdiction, based on the conduct at issue.

---

[1] Rule 8 provides that a complaint must include the following: (1) a short plain statement of the grounds for this Court's jurisdiction; (2) a description of the claim establishing that the plaintiff is entitled to relief sought; and (3) a description of the relief sought. *See* Fed. R. Civ. P. 8. And Rule 9 requires that a party alleging fraud state with particularity the underlying circumstances of that fraud. Fed. R. Civ. P. 9(b). This is often described as Rule 9(b)'s "who, what, when, where, and how" requirements. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir.1997).

[2] While the Court holds *pro se* parties such as Plaintiff here to less stringent pleading standards and liberally construes a *pro se* complaint in the light most favorable to the plaintiff, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), they remain bound by the rules of procedure. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995)

[3] A lack of subject matter jurisdiction is a foundational issue, providing a basis for immediate dismissal. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

[4] Subject matter jurisdiction can be based on diversity of citizenship or the presentation of a federal question. *See, e.g.*, *Tucker-Meuse v. Field*, 2022 WL 706527, slip op. at 2 (D. Haw. 2022). Diversity of citizenship jurisdiction exists where the amount at issue is more than $75,000 and no plaintiffs or defendants are citizens of the same state. *See* 28 U.S.C. § 1332. And federal question jurisdiction exists when a plaintiff's claim arises "under the Constitution, law, or treaties of the United States." *See id.* § 1331.

Accordingly, Defendant's Rule 12(b)(1) motion (Dkt. No. 10 at 7–8) is GRANTED. Plaintiff's complaint (Dkt. Nos. 1, 7) is DISMISSED with leave to amend. If no amendment is made within 30 days of this order curing the deficiencies described above, the Court will issue judgment in this matter.[5]

DATED this 4th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

[5] An amended complaint operates as a complete substitute for an original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). It must clearly assert the relief sought and the causes of action supporting that relief, along with the facts supporting the Court's jurisdiction and each element for those causes of action in accordance with Rules 8 and 9.